UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                     :
ALI KOURANI,                                      :

                                                   :     **ORDER**
                              Movant,          :
           -against-                              :     17 Cr. 417 (AKH)
                                                   :
UNITED STATES OF AMERICA,      :     23 Civ. 2265 (AKH)
                                                   :
                            Respondent.    :
                                                   :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On June 1, 2023, I issued an order denying Defendant Ali Kourani's motion pursuant to 28 U.S.C. § 2255 as untimely and denying his affiliated request for appointment of counsel. ECF No. 190;[1] *see also* ECF No. 192 (clarifying the effect of my order at ECF No. 190). Defendant subsequently filed the instant motion to reconsider pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and the instant motion for a Certificate of Appealability of my prior order. ECF Nos. 193–196. Defendant's motions are denied.

        Motions for reconsideration are not a vehicle for parties to attempt to "reargue those issues already considered" simply because they "do[] not like the way the original motion was resolved." *Evolution Fast Food Gen. P'ship v. HVFG, LLC*, 2018 WL 1779377, at *2 (S.D.N.Y. Mar. 28, 2018). Rather, Defendant's motion is subject to a "strict" standard under which reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

---

[1] Unless otherwise noted, all docket entries are referred to with the ECF number for the criminal docket, 17 Cr. 417.

Defendant has made no such showing here, focusing instead on my supposed "fail[ure] to issue a court order" on his motion to verify the time he had to file his § 2255 motion. ECF No. 193 at 1. In reality, I issued a docket order on January 30, 2023, stating, "The court cannot give, or verify, the last day for filing a petition seeking review pursuant to 28 U.S.C. 2255, or extend the statutory one-year period." ECF No. 181. That order was consistent with governing law within this Circuit. *See Sanchez v. United States*, 2021 WL 603224, at *2 (S.D.N.Y. Feb. 16, 2021) (describing the limited circumstances in which courts may extend the filing deadlines set out under § 2255(f)). Defendant has not explained how my disposition of his request or his § 2255 motion amounted to clear error, and Defendant therefore has not identified anything that entitles him to relief under Fed. R. Civ. P. 59(e) or 60(b).

I also decline to issue a Certificate of Appealability of this Court's denial of Defendant's § 2255 motion because Defendant has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and because Defendant has failed to identify a claim that jurists of reason would find debatable as to whether Defendant was denied such a right. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

The Clerk shall terminate ECF Nos 193, 194, 195, and 196 in 17 Cr. 417 and ECF Nos. 9 and 10 in 23 Civ. 2265.

SO ORDERED.

Dated: July 6, 2023
New York, New York

    /s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge