UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
ALI KOURANI,

                        Petitioner,

     -against-

UNITED STATES OF AMERICA,

                        Respondent.

--------------------------------------------------------------- x

**ORDER**

17 Cr. 417 (AKH)
23 Civ. 2265 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner Ali Kourani filed a habeas corpus petition under 28 U.S.C. § 2255 to challenge his terrorism-related federal convictions, which I denied as untimely. ECF No. 190.[1] Petitioner then filed a motion to reconsider under Fed. R. Civ. P. 59(e) and 60(b), which I denied because his arguments focused on my supposed "fail[ure] to issue a court order" on his motion to verify the time he had to file his § 2255 motion.[2] After Petitioner appealed, the Second Circuit vacated the judgment and remanded the case on the issue of the timeliness of Petitioner's motion, with instructions to consider the prison mailbox rule and the Supreme Court's extension of Petitioner's deadline to file a petition for certiorari.

       A petitioner has one year from when a judgment of conviction becomes final to file a § 2255 motion. A judgment is final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The Supreme Court granted Petitioner an extension of time to file his petition for certiorari, until March 7, 2022. S. Ct. No. 21A346 (Jan. 20, 2022). Petitioner did not

---

[1] Unless otherwise noted, all docket entries are referred to with the ECF number for the criminal docket, 17cr417.
[2] My denial pointed to the January 30, 2023 docket entry stating, "The court cannot give, or verify, the last day for filing a petition seeking review pursuant to 28 U.S.C. 2255, or extend the statutory one-year period." ECF No. 181.

file a petition for certiorari, making his conviction final on March 7, 2022. Therefore, his § 2255 motion must have been filed by March 7, 2023 to be timely.

Construed liberally, the motion was timely filed. Under the prison mailbox rule, documents sent by incarcerated pro se petitioners are deemed "filed" upon delivery to prison officials. *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). "In the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006). Petitioner signed and dated his motion and dated the mailing envelope on March 3, 2023. The mailing envelope was postmarked on March 10, 2023. I shall assume that Petitioner gave the documents to prison officials on March 3, 2023, and that this shows it was timely filed.

The order denying the § 2255 motion at ECF No. 190 in 17cr417 and ECF No. 6 in 23cv2265 is vacated. Having concluded that the motion should not be summarily dismissed as being without merit, the Court hereby orders that: The Clerk of Court shall electronically notify the Criminal Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued. Within 45 days of the date of this order, the U.S. Attorney's Office shall file an answer or other pleadings in response to the motion. Petitioner shall have fourteen days from the date on which Petitioner is served with Respondent's answer to file a reply. The motion will then be considered fully submitted. All further papers filed or submitted for filing must include the criminal docket number and will be docketed in the criminal case.

SO ORDERED.

Dated:  May 23, 2024
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2